IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT LEE LEWIS,

          Petitioner,

v.                                      CIVIL ACTION NO.  2:20-cv-00035

DONALD AMES and
PATRICK MORRISEY,
*Attorney General of the State of West Virginia*,

          Respondents.

**ORDER**

The Court has reviewed the Petitioner's *Motion for a Declaratory Judgment* (Document 6), the Respondent's *Response in Opposition to Petitioner's Motion for a Declaratory Judgment* (Document 7), the Petitioner's *Motion for a Declaratory Judgment* (Document 8), and the Respondent's *Response in Opposition to Petitioner's [Second] Motion for a Declaratory Judgment* (Document 9).  To facilitate the expeditious resolution of these pending motions, the Court **ORDERS** that the reference to the Magistrate Judge be withdrawn as to these motions only.

In both motions, the Petitioner discusses the merits of his pending 28 U.S.C. § 2254 petition, focusing in the first motion on his conviction and sentence for abduction, and in the second on his conviction and sentence for nighttime burglary.  He requests that the Court grant an unconditional release order and vacate his sentences as to those convictions.  The Respondent argues that declaratory judgment is not an appropriate avenue for relief in a habeas proceeding and

that the motions are an improper effort to evade the rules and procedures applicable to § 2254 cases.

The Supreme Court has held that "any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code." *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (finding a declaratory judgment action regarding the applicable statute of limitations improper). "Where habeas corpus is an available remedy, it becomes unnecessary to consider whether declaratory relief may be granted," because courts are not to "entertain a declaratory judgment action as a substitute for post-conviction remedies under 28 U.S.C. §2255." *Pruitt v. Campbell*, 429 F.2d 642, 645 (4th Cir. 1970); *see also Wagner v. United States*, No. C/A 3083235-GRA-JRM, 2008 WL 5504716, at *4 (D.S.C. Oct. 31, 2008), *report and recommendation adopted as modified*, No. C/A 308CV3235-GRA, 2009 WL 102633 (D.S.C. Jan. 13, 2009) ("The plaintiff cannot bring a declaratory judgment action to circumvent the habeas statutory requirements"); *Hogan v. Lukhard*, 351 F. Supp. 1112, 1113 (E.D. Va. 1972) ("Courts that have considered the issue have generally concluded that an attack upon a state criminal conviction cannot be maintained under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, at least when habeas corpus relief is available").

The Petitioner does not expressly invoke the Declaratory Judgment Act, nor does he request any declaration of rights. His motions simply elaborate on his existing § 2254 claims and request the same relief available under § 2254.

Because declaratory judgment is unavailable for his claims, the Court **ORDERS** that the Petitioner's *Motion for a Declaratory Judgment* (Document 6) and the Petitioner's *Motion for a Declaratory Judgment* (Document 8) be **DENIED**.  The Court further **ORDERS** that this matter

remain **REFERRED** to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for findings of fact and recommendations for disposition.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, to counsel of record, and to any unrepresented party.

ENTER: December 14, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA